IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMY BAUM,<br><br>*Plaintiff*,<br><br>v.<br><br>ALAN GILES, ARTISAN AND TRUCKERS CASUALTY COMPANY, EMPIRE FREIGHT SYSTEMS, and WEST CARGO, INC.,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:25-cv-00316-TES |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff's Motion to Remand [Doc. 4] this case to the State Court of Bibb County, Georgia. Upon a review of the record and applicable law, the Court **GRANTS** Plaintiff's Motion to Remand as explained below.

**A.    Factual Background**

Defendants removed the above-captioned case to this Court on July 23, 2025, based on diversity jurisdiction under 28 U.S.C. § 1441(b). [Doc. 1, p. 1].[1] Plaintiff originally filed suit against Defendants in the State Court of Bibb County, Georgia, on June 12, 2024. [Doc. 1-2, p. 3]. In her Complaint, Plaintiff alleges that "[o]n or about June 28, 2022 . . . Defendant Giles negligently operated a [tractor trailer], proximately and foreseeably causing a

---

[1] This case does not present a federal question under 28 U.S.C. § 1331.

collision with a vehicle being lawfully occupied and operated by . . . Plaintiff," causing her to suffer "serious personal injuries, [and] incur[] medical expenses in excess of $64,084.49, as well as lost wages in excess of $1.00." [*Id.* at 5]. Defendants removed the case based on Plaintiff's $1,000,000 demand and the most recent offer from Defendants' insurer. [Doc. 13, p. 5]; [Doc. 1]; *see Ashmeade v. Farmers Ins. Exch.*, No. 5:15-CV-533-OC-34PRL, 2016 WL 1743457, at *2 (M.D. Fla. May 3, 2016) ("[i]n determining whether the amount in controversy has been met following removal, a court may consider settlement or demand letters") (citing *AAA Abachman v. Stanley Steemer Intern., Inc.*, F. App'x 864, 866 (11th Cir. 2008)). Plaintiff admits that her pleadings were "potentially" removable but argues that Defendants' removal was not proper under 28 U.S.C. § 1446(b)(3). [Doc. 4, ¶ 4].

### B.     The Removal Standard

Removal is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Defendants may remove based on 28 U.S.C. § 1332's diversity jurisdiction. *Id.* at § 1441(b). To properly remove a case, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.* at § 1446(b)(1); *see also id.* at § 1446(b)(2)(B). Furthermore, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served

2

defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to the removal." 28 U.S.C. § 1446(b)(2)(C).

Since Defendants removed this case from the State Court of Bibb County, Georgia, the Court looks to Georgia law for the applicable pre-removal service of process standard. *White v. Capio Partners, LLC*, No. 1:15-CV-120, 2015 WL 5944943, at *2 (S.D. Ga. Oct. 13, 2015) (citing *Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 696 (M.D. Ga. 1998)). Under Georgia law, a plaintiff must serve the summons and complaint together. O.C.G.A. § 9-11-4(e). In actions against a corporation:

> [i]f the action is against a foreign corporation doing business in this state without authorization to transact business in this state that has a managing agent or against a nonresident individual, partnership, joint-stock company, or association doing business in this state that has a managing agent, [service is to be made] to such agent, or to a registered agent designated for service of process.

O.C.G.A. § 9-11-4(e)(2)(A).[2]

Additionally, Georgia has specific service of process rules for some defendants. For example, Georgia's Nonresident Motorist Act has specific service of process rules for nonresident motor carriers. O.C.G.A. § 40-1-117(a). Under § 40-1-117(a),

---

[2] Defendants cited O.C.G.A. § 9-11-4(e)(1)(A) in their Response to the Plaintiff's Motion to Remand. [Doc. 14, p. 4]. However, Defendants failed to include the first part of § 9-11-4(e)(1)(A) in their Response, which qualifies the entire section. The excluded material reads, in part, "[i]f the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state . . . ." O.C.G.A. § 9-11-4(e)(1)(A). Defendants have failed to plead or offer into the record any evidence that Defendant West Cargo, Inc., is "authorized to transact business in this state." *Id.* Furthermore, this Court's own search of Georgia's public business records failed to produce such authorization. Bottom line, the section Defendants cited just doesn't apply.

> Each nonresident motor carrier shall . . . designate and maintain in this state an agent or agents upon whom may be served all summonses or other lawful processes in any action or proceeding against such motor carrier growing out of its carrier operations; and service of process upon or acceptance or acknowledgment of such service by any such agent shall have the same legal force and validity as if duly served upon such nonresident carrier personally . . . Upon failure of any nonresident motor carrier to file such designation with the state revenue commissioner or to maintain such an agent in this state at the address given, such nonresident carrier shall be conclusively deemed to have designated the Secretary of State and his or her successors in office as such agent; and service of process upon or acceptance or acknowledgment of such service by the Secretary of State shall have the same legal force and validity as if duly served upon such nonresident carrier personally, provided that notice of such service and a copy of the process are immediately sent by registered or certified mail or statutory overnight delivery, return receipt requested, by the Secretary of State or his or her successor in office to such nonresident carrier, if its address be known. Service of such process upon the Secretary of State shall be made by delivering to his or her office two copies of such process with a fee of $10.00.

### C.   Plaintiff's Motion to Remand [Doc. 4]

In her Motion to Remand, Plaintiff agrees with Defendants that the parties are diverse,[3] and the pleadings are "potentially" removable. *See* [Doc. 4, ¶¶ 1, 4]; [Doc. 13, pp. 5, 7]. Instead, Plaintiff states that removal was not proper under 28 U.S.C. § 1446(b)(3). [Doc. 4, ¶ 1]. According to Plaintiff, she served the following Defendants on the following dates: Defendant Giles via service on the Georgia Secretary of State as acknowledged on June 20, 2024; Defendant West Cargo, Inc. (hereinafter "West Cargo") via the Georgia Secretary of State as acknowledged on April 9, 2025; and Defendant Artisan and Truckers

---

[3] Pertinent to this Motion, Defendant West Cargo, Inc. is an Illinois company. [Doc. 13, ¶ 9]

4

Casualty Company via the Georgia Secretary of State as acknowledged on April 14, 2025. [*Id.* at ¶¶ 5–6, 8]. She later served Defendant Empire Freight Systems on May 21, 2025. [*Id.* at ¶ 7]. Plaintiff argues that Defendants had 30 days from May 21, 2025, to properly remove, making the deadline for removal June 20, 2025. [*Id.* at ¶ 9]; *see also* 28 U.S.C. § 1446(b)(3). Defendants removed on July 23, 2025. [Doc. 1].

Defendants respond by stating that West Cargo was never properly served through the Georgia Secretary of State like Plaintiff claims, [Doc. 14, pp. 2–3], so removal was timely. Defendants' argument is twofold. First, Defendants correctly point out that Plaintiff's "Exhibit D," proffered in support of her claim that the Secretary of State acknowledged service on West Cargo, does not exist in the record of this Court, or the record of the State Court of Bibb County. [*Id.* at 2]. Second, Defendants argue that Plaintiff failed to perfect service on West Cargo under O.C.G.A. § 40-1-117(a) and O.C.G.A. § 9-11-4(e)(1)(A). [*Id.* at 3]. Without proper service on the Georgia Secretary of State, Defendants argue the deadline for removal is July 23, 2025—30 days after Plaintiff filed an affidavit of service on West Cargo from the Sheriff's Office of Cook County, Illinois. [*Id.* at 5]; *see also* [Doc. 1-2, p. 169].

### D.      Discussion

Defendants' arguments against remand fail for two reasons. First, despite Plaintiff's failure to add "Exhibit D" into the record, the Georgia Secretary of State did acknowledge service of process on West Cargo, making service proper. Second, even if

5

Plaintiff had not properly served the Georgia Secretary of State, the *actual* date of personal service on West Cargo by the Cook County Sheriff's Department triggered the 30-day removal period, so removal would still be untimely.

Despite Plaintiff's failure to add "Exhibit D" into the record, the Court takes judicial notice pursuant to Federal Rule Evidence 201(b)(2) of the Georgia Secretary of State's April 9, 2025, Certificate of Acknowledgement of service of process on West Cargo. Court's Exhibit A; *see also Willis v. Homes of Light, LLC*, No. 1:18-cv-3514-ELR-JKL, 2018 WL 4850134, at *1 n.1 (N.D. Ga. Aug. 21, 2018) ("Courts can properly take judicial notice of public records maintained by the Georgia Secretary of State."); *NP 301, LLC v. Liberty Mut. Ins. Co.*, No. 1:20-CV-02298-LMM, 2020 WL 10622591, at *5 n.4 (N.D. Ga. Aug. 7, 2020) ("it is well-settled that courts may take judicial notice of public records maintenance by a secretary of state"); *Banks v. McIntosh Cnty., Ga.*, 530 F. Supp. 3d 1335, 1347 (S.D. Ga. 2021), *on reconsideration in part*, No. 2:16-CV-53, 2021 WL 3173597 (S.D. Ga. July 26, 2021) ("The Court takes judicial notice of the records available on the Georgia Secretary of State's website as matters of public record.").

Defendants argue Plaintiff did not perfect service on the Georgia Secretary of State, and attempt to point the Court to O.C.G.A. § 9-11-4(e)(1)(A). *See* n.2, *supra*. However, as discussed above, West Cargo is a foreign corporation. *See* n.3, *supra*; [Doc. 13, ¶ 14]; [Doc. 1-7]. There is no evidence that West Cargo is a foreign corporation "*authorized to transact business in this state.*" O.C.G.A. § 9-11-4(e)(1)(A) (emphasis added). Therefore, the code

6

section cited by Defendants is inapplicable. Instead, the correct standard is O.C.G.A. § 9-11-4(e)(2)(A), which simply requires service of the summons and complaint to a "managing agent" or "registered agent designated for service of process." Without a designated agent in Georgia, proper service on the Secretary of State constitutes proper service on West Cargo under O.C.G.A. § 40-1-117(a).[4] Put simply, under § 40-1-117(a) and § 9-11-4(e)(2)(A), West Cargo's registered agent designated for service is the Georgia Secretary of State.

Section 40-1-117(a) has its own service of process requirements.[5] However, the Certificate of Acknowledgement from the Georgia Secretary of State is proof enough that Plaintiff properly served West Cargo. *Demarco*, 2021 WL 8998911, at *4; *see also* Court's Exhibit A. Therefore, the proper date for calculating § 1446's removal window as applied to West Cargo is April 9, 2025. The final day for a timely removal by West Cargo was May 9, 2025.

Even if Plaintiff had not properly served the Georgia Secretary of State, removal still would have been untimely. Defendants argue that the relevant date for removal is

---

[4] Both parties apply § 40-1-117(a) to West Cargo. [Doc. 14, p. 3]; [Doc 1-2, p. 99, ¶ 3]; [Doc. 1-2, p. 105, ¶ 4]. The Court need not actually determine whether West Cargo is a non-motor carrier under § 40-1-100(12)(A), which Defendants seem to dispute in their unfiled Answer draft. *See* [Doc. 1-3, ¶¶ 4, 9]. Regardless of whether § 40-1-117 applies, Defendants missed the 30-day filing window.

[5] Proper service on the Georgia Secretary of State under § 40-1-117(a) requires three steps:
> (1) the plaintiff serves two copies of process on the Georgia Secretary of State; (2) the Georgia Secretary of State acknowledges such service; and (3) the Georgia Secretary of State sends a copy to the nonresident motor carrier's address—if known—by registered or certified mail or overnight delivery, return receipt requested.

*Demarco v. Rakmanov*, No. 1:20-CV-04256-SDG, 2021 WL 8998911, at *3 (N.D. Ga. Aug. 13, 2021).

7

June 23, 2025, when Plaintiff filed the Affidavit of Service by the Sheriff's Office of Cook County, Illinois. [Doc. 14, p. 5]. Put simply, this assertion is incorrect. It is the actual date of service, not the date of recordation of such service, that controls for the purposes of removal. *See Friddle v. Hunter's Edge, Inc.*, No. CV 06-0058-WS-C, 2006 WL 8437947, at *1 (S.D. Ala. Mar. 24, 2006) ("[t]he date of service for purposes of Section 1446(b), however, is not the date a state court employee assigns but the actual date of service"); *Muhammad v. Humanadental Ins. Co.*, No. 1:09-CV-01941-JOF, 2010 WL 457498, at *1 (N.D. Ga. Feb. 10, 2010) ("the date for removal of Plaintiffs' complaint is from the proper date of service on Defendant"); *Simmonds v. Bu Vision, LLC*, No. 1:18-CV-03534, 2018 WL 8619745, at *3 (N.D. Ga. Nov. 27, 2018) ("The 30-day timeframe begins to run when a defendant is formally served with a summons and the complaint, not when a plaintiff later files an affidavit with the court verifying service.") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)). Plaintiff, through the Cook County Sheriff's Department, actually served West Cargo on May 8, 2025. [Doc. 1-2, p. 169]. Therefore, even if Plaintiff did not properly serve the Georgia Secretary of State, the latest deadline for removal by West Cargo would be June 7, 2025.

Defendants filed their Notice of Removal on July 23, 2025. [Doc. 1]. Regardless of which date the Court uses—May 9, 2025, or June 7, 2025—Defendants missed West Cargo's removal deadline. Defendants even missed Defendant Empire Freight Systems' June 20, 2025, deadline, which is the latest in the case. [Doc. 4, ¶ 9]; [Doc. 1-2, p. 166].

8

Therefore, the Court lacks jurisdiction to hear this case.

### E.   Attorney's Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of removal." The Court may only award attorney's fees pursuant to § 1447(c) if the party who removed the action "lacked an objectively reasonable basis for seeking removal." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). This standard does not require the Court to find that the removing party's position was "frivolous . . . or without foundation." *Id.* However, the statute's use of "may" denotes that the Court is not required to award attorney's fees and may exercise its discretion in denying a motion under § 1447(c). *See Martin*, 546 U.S. at 136.

The Court finds that Defendants' attempt to remove this action was not without foundation or made in bad faith. Therefore, Plaintiff is not entitled to costs and reasonable attorney's fees associated with defending Defendants' attempt to remove her case.

### F.   Conclusion

Based on the foregoing, the Court finds that it does not have subject-matter jurisdiction over this case and **REMANDS** this action to the State Court of Bibb County, Georgia. The Clerk is **DIRECTED** to forward a copy of this Order to the clerk of that court.

**SO ORDERED**, this 12th day of September, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
